[Nos. 40956-5-I; 41052-1-I.   Division One.   February 1, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK KEVIN HOLLIS, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE REDDICK, *Appellant*.

---

*David L. Donnan* of *Washington Appellate Project*, for appellant Hollis.

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant Reddick.

*Norm Maleng, Prosecuting Attorney*, and *Brian M. Mc-Donald, Senior Deputy*, for respondent.

KENNEDY, C.J. — Mark Kevin Hollis appeals his convictions for one count of delivery of cocaine and two counts of

involving a minor in a drug transaction, and Lawrence Reddick[1] appeals his convictions for one count of delivery of cocaine and one count of involving a minor in a drug transaction. Hollis and Reddick contend that RCW 69.50.401(f)—which defines the crime of involving a minor in a drug transaction—is unconstitutionally vague as applied to them. In addition, Hollis asserts that his right to be free from double jeopardy for the same offense was violated and that the State failed to present sufficient evidence to convict him of one count of involving a minor in a drug transaction. The State cross-appeals Hollis' standard-range sentence, contending that the trial court erroneously calculated his offender score. And Reddick challenges the sufficiency of the evidence on his involving a minor in a drug transaction conviction.[2]

An ordinary person should understand that Hollis' actions of asking and convincing a minor to unlawfully sell cocaine and that Reddick's actions of approaching the drug transaction arm-in-arm with a minor and allowing that minor to remain present during the drug transaction, thereby obliging the minor to become associated with the drug transaction, are proscribed under the ordinary meaning of the involving a minor in a drug transaction statute. Thus, the statute is not unconstitutionally vague as applied to Hollis or Reddick. Further, because our Legislature intended multiple punishments under the circumstances presented in these two cases, convictions for delivery of cocaine and involving a minor in a drug transaction stemming from the same transaction do not violate double jeopardy.

But the State failed to present sufficient evidence to convict Hollis on one of the counts of involving a minor in a drug transaction. And the trial court misapplied the law when it counted Hollis' offenses as the "same criminal conduct" for the purposes of calculating Hollis' offender

---

[1]These cases are linked for the purpose of this opinion.

[2]Reddick's pro se contentions are addressed in the unpublished portion of this opinion.

score because the offenses of delivery of cocaine and involving a minor in a drug transaction affect different victims. Accordingly, we reverse one of Hollis' convictions for involving a minor in a drug transaction and remand for resentencing. But because the evidence presented was sufficient to convict Reddick, we affirm his convictions and sentence.

## FACTS
### *Mark Kevin Hollis*

On January 6, 1997, Seattle Police Officer John Fox was working as an undercover narcotics buyer in a buy-bust operation in downtown Seattle. Officer Fox approached Mark Kevin Hollis and said that he was looking for "a forty," i.e., $40 worth of narcotics. According to Officer Fox, Hollis asked if he wanted "forty rock," i.e., $40 worth of rock cocaine. Officer Fox responded affirmatively, and Hollis said he could get it for him in exchange for a piece of the rock cocaine.

Hollis then contacted Tanisha Brown (D.O.B. May 22, 1981) at a school bus route stop. Initially, Brown refused to "deal to" Officer Fox, so Hollis asked an approaching woman, Rotunda Kelly, to vouch for Officer Fox. Kelly patted down Officer Fox and said, "Yes; I know him." Report of Proceedings (Hollis) at 131 (Mar. 24, 1997). Brown then approached Lee Maxwell (D.O.B. Aug. 6, 1980), reached into Maxwell's jacket pocket and retrieved pieces of rock cocaine. With Hollis standing to his right, Officer Fox paid Brown and Brown gave Officer Fox the cocaine. Seattle police then arrested Hollis.

The State charged Hollis with one count of delivery of cocaine within 1,000 feet of a school bus route stop and two counts of involving a minor in a drug transaction. The jury convicted Hollis as charged. The trial court counted Hollis' current offenses as the "same criminal conduct" and

sentenced him within the standard range. Hollis appeals his convictions. The State cross-appeals Hollis' sentence.

*Lawrence Reddick*

On February 12, 1997, Seattle Police Officer Rolf Norton was working undercover in a buy-bust operation near a school bus route stop in downtown Seattle. He told Terry Jefferson and Sammy Barker that he was looking for "a twenty," i.e., a $20 worth of narcotics, and Barker agreed to help arrange the deal. Lawrence Reddick—who was arm-in-arm with Katie Davis (D.O.B. June 28, 1979)—approached Officer Norton, Jefferson, and Barker. Barker motioned to Reddick and said, "He's got it." Report of Proceedings (Reddick) at 42 (Apr. 23, 1997 1:30 P.M.). In response, Reddick nodded. Jefferson made a hand-to-hand exchange with Reddick and then handed Officer Norton a rock of crack cocaine in exchange for a $20 bill, which Jefferson gave to Reddick. Davis was present during this transaction.

After Reddick and Davis walked away, Seattle Police Officer Randall Jokela recovered from Reddick the prerecorded $20 bill that was assigned to Officer Norton for this buy-bust operation. He then arrested Reddick. The State charged Reddick with one count of delivery of cocaine within 1,000 feet of a school bus route stop, and one count of involving a minor in a drug transaction. A jury convicted Reddick as charged, and the trial court sentenced him within the standard range. Reddick appeals.

## DISCUSSION
### I. Involving a Minor in a Drug Transaction Statute

■■ Hollis and Reddick contend that the involving a minor in a drug transaction statute is unconstitutionally vague. "Under the Fourteenth Amendment's Due Process Clause, a statute is void for vagueness if it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed or if it does not provide ascertainable standards of guilt to

protect against arbitrary enforcement." *State v. Myles*, 127 Wn.2d 807, 812, 903 P.2d 979 (1995) (internal quotation marks and citations omitted).[3] A statute is presumed to be constitutional and "a party challenging its constitutionality bears the burden of proving its unconstitutionality beyond a reasonable doubt." *Id.*

■ Where, as here, a vagueness challenge does not implicate the First Amendment right to free speech, the party asserting the challenge must demonstrate that the statute is unconstitutionally vague in light of the particular facts of his or her case. *State v. Halstien*, 122 Wn.2d 109, 117, 857 P.2d 270 (1993). That is, vagueness cannot be demonstrated based upon hypothetical situations at the periphery of the statute's scope. *Weden v. San Juan County*, 135 Wn.2d 678, 708, 958 P.2d 273 (1998).

The involving a minor in a drug transaction statute states, "It is unlawful to compensate, threaten, solicit, or in any other manner involve a person under the age of eighteen years in a transaction unlawfully to manufacture, sell, or deliver a controlled substance." RCW 69.50.401(f). Hollis and Reddick argue that the phrase "in any other manner involve," which is not defined in the Uniform Controlled Substances Act, is unconstitutionally vague.

■ ■ "Where a term used in a statute is not defined therein, we may rely on the ordinary meaning of the term." *State v. Edwards*, 84 Wn. App. 5, 10, 924 P.2d 397 (1996), *review denied*, 131 Wn.2d 1016 (1997). The ordinary meaning of "involve" is "to enfold or envelop so as to encumber . . . to draw in as a participant . . . to oblige to become associated (as an unpleasant situation)[.]" WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY 1191 (1969). Thus, the plain language of the statute informs the public that no person may in any manner enfold or envelop—i.e., surround or

---

[3]Neither Hollis nor Reddick argues that an independent analysis under the Washington Constitution is proper as required by *State v. Gunwall*, 106 Wn.2d 54, 58, 720 P.2d 808, 76 A.L.R.4TH 517 (1986). Therefore, we analyze their vagueness challenges under federal constitutional law. *State v. Kinchen*, 92 Wn. App. 442, 449 n.2, 963 P.2d 928 (1998).

enclose—a minor in a drug transaction; draw a minor into a drug transaction; or oblige a minor to become associated with a drug transaction.

The involving a minor in a drug transaction statute does not require that the minor actually participate in the drug transaction. In fact, the minor's culpability and actions—which are proscribed under other statutes—are inapposite for the purposes of the involving a minor in a drug transaction statute. Instead, the focus is on the defendant's affirmative acts. A defendant violates RCW 69.50.401(f) if he or she compensates, threatens, solicits or in any other manner involves—i.e., surrounds, encloses, or draws in—a minor in an unlawful drug transaction, or obliges a minor to become associated with the drug transaction, e.g., by inviting or bringing a minor to a drug transaction, or allowing the minor to remain during a drug transaction.

An ordinary person should understand that Hollis' actions of asking and convincing Brown—who was a minor—to unlawfully sell cocaine to Officer Fox are proscribed by this statute. Likewise, an ordinary person should understand that Reddick's acts of approaching the drug transaction arm-in-arm with a minor, Davis, and allowing that minor to remain present during the drug transaction, thereby obliging her to become associated with the drug transaction, are also proscribed under this statute.

■ Thus, RCW 69.50.401(f)—as applied to Hollis and Reddick—defines the criminal offense with sufficient definiteness and provides ascertainable standards of guilt to protect against arbitrary enforcement. Because Hollis and Reddick failed to prove the statute's unconstitutionality beyond a reasonable doubt, we conclude that RCW 69.50.401(f), as applied to them, satisfies the requirements of due process and is not unconstitutionally vague.

## II. Double Jeopardy

Hollis contends that he was punished twice for the same offense in violation of the U.S. and Washington constitutions.

■ The double jeopardy clause of the federal constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. And article I, section 9 of the Washington Constitution states: "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." "[T]he double jeopardy clause in CONSTITUTION article I, section 9 is given the same interpretation the Supreme Court gives to the double jeopardy clause in the Fifth Amendment." *Winchester v. Stein*, 135 Wn.2d 835, 845, 959 P.2d 1077 (1998).

■ The double jeopardy prohibition does not necessarily prevent multiple convictions arising out of a single transaction if our Legislature intended to permit multiple punishments. *State v. Vladovic*, 99 Wn.2d 413, 422-23, 662 P.2d 853 (1983). To ascertain legislative intent, courts conduct the "same evidence" test, i.e., determine whether the two offenses are identical in law and in fact. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). "When there is an element in one offense not included in the other, and proof of one offense would not necessarily prove the other, the double jeopardy clause does not bar convictions for both offenses." *State v. Taylor*, 90 Wn. App. 312, 318, 950 P.2d 526 (1998).

RCW 69.50.401(a), which was enacted in 1971, provides that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." And RCW 69.50.401(f), which was added to the same section in 1987, states that "[i]t is unlawful to compensate, threaten, solicit, or in any other manner involve a person under the age of eighteen years in a transaction unlawfully to manufacture, sell, or deliver a controlled substance." Neither the language of the provisions nor the legislative history expressly indicate whether our Legislature intended multiple punishments for a single transaction when it enacted the latter subsection. *See* LAWS OF 1987, ch. 458.

When our Legislature passed the involving a minor in a drug transaction statute in 1987, it became a felony to surround, enclose, or draw in a minor to an unlawful drug transaction. "Statutes should not be construed as to render any portion meaningless or superfluous." *Hollmann v. Corcoran*, 89 Wn. App. 323, 332, 949 P.2d 386 (1997). If we were to adopt Hollis' argument that our Legislature did not intend multiple punishments for a single transaction including a minor in the delivery of controlled substances, we would be rendering the involving a minor in a drug transaction statute meaningless. Therefore, we conclude that our Legislature did, in fact, intend multiple punishments for such a single transaction.

As further support for this legislative intent, we also conduct the "same evidence" test. *See Blockburger*, 284 U.S. at 304; *Calle*, 125 Wn.2d at 777. A person violates RCW 69.50.401(a) if he or she manufactures, delivers, or possesses a controlled substance, notwithstanding the involvement of a person under the age of 18. A person violates RCW 69.50.401(f) if he or she involves a person under the age of 18 in a transaction unlawfully to manufacture, deliver, or possess a controlled substance, regardless of actual attempted or completed delivery. In the present cases, RCW 69.50.401(a) required proof of an actual delivery attributable to the defendants. And RCW 69.50.401(f) required proof that the defendants involved the minors in the drug transactions. Because each provision requires proof of a fact that the other does not, the two offenses are not identical in law and in fact. *See United States v. Valencia-Roldan*, 893 F.2d 1080, 1083 (9th Cir. 1990) (concluding that the employment of a minor to distribute cocaine statute—former 21 U.S.C.A. § 845(b) (1981), currently codified at 21 U.S.C.A. § 861(a)(1) (Supp. 1998)[4]— "is a separate offense statute and not merely one of sentence enhancement.").

---

[4]This provision states: "It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally . . . employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of [the control and enforcement] subchapter or [the import and export]

■ Accordingly, the trial court did not violate federal and state prohibitions against double jeopardy by punishing Hollis under RCW 69.50.401(a) and (f).

## III. Sufficiency of the Evidence

Hollis challenges the sufficiency of the State's evidence that he involved one minor, Maxwell, in the drug transaction. And Reddick challenges the sufficiency of the State's evidence that he involved a minor.

■ "There is sufficient proof of an element of a crime to support a jury's verdict when, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that element beyond a reasonable doubt." *State v. Bright*, 129 Wn.2d 257, 266 n.30, 916 P.2d 922 (1996). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). If the reviewing court finds that the evidence is insufficient, it must reverse the conviction and dismiss the charge. *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

RCW 69.50.401(f) proscribes conduct that involves a minor in an illegal drug transaction. As discussed above, this statute includes any affirmative act by the defendant that surrounds, encloses, or draws in a minor in an unlawful drug transaction, or obliges a minor to become associated with a drug transaction, e.g., by inviting or bringing a minor to a drug transaction, or allowing the minor to remain present during a drug transaction.

A. Hollis

Hollis contends that the State failed to present sufficient evidence to support his conviction for one count of involving a minor, i.e., Maxwell, in a drug transaction. In the State's brief on appeal, it agreed that this count should be dismissed due to insufficient evidence. Hollis does not chal-

subchapter of [the drug abuse prevention and control] chapter." 21 U.S.C.A. § 861(a)(1) (Supp. 1998).

lenge the sufficiency of the evidence for his conviction for involving Brown in the drug transaction.

At trial, the State presented evidence that after Hollis contacted Brown, Brown left Hollis and Officer Fox to initiate contact with Maxwell. It also presented Maxwell's testimony that he was under the age of 18. But the record contains no evidence that Hollis acted affirmatively toward Maxwell or contacted Maxwell in any way. And Maxwell was not present during the drug transaction between Brown and Officer Fox. Moreover, Officer Fox testified that he had no knowledge that Hollis was connected with Maxwell outside of this incident.

The State failed to present sufficient evidence to permit a rational trier of fact to find beyond a reasonable doubt that Hollis involved Maxwell in the drug transaction with Officer Fox. Therefore, we accept the State's concession that it failed to produce sufficient evidence to prove that Hollis involved Maxwell in a drug transaction, reverse Hollis' conviction on that count, and dismiss that charge.

B. Reddick

Reddick contends that the State failed to present sufficient evidence to support his conviction for involving a minor in a drug transaction. At trial, the State presented evidence that Reddick approached the drug transaction arm-in-arm with Davis, who the parties stipulated was under the age of 18, and then sold a rock of crack cocaine while she was present. By bringing Davis to the drug transaction and allowing her to remain, Reddick obliged Davis to become associated with the drug transaction. Reddick's affirmative acts were sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Reddick involved Davis in a drug transaction, notwithstanding Davis' participation or lack thereof in the delivery.

IV. "Same Criminal Conduct"

At Hollis' sentencing, the trial court determined that his delivery of cocaine and involving a minor in a drug transac-

tion convictions constituted the "same criminal conduct." In the State's cross-appeal, it contends that the trial court's calculation of Hollis' offender score was erroneous because the involving a minor in a drug transaction offense and the delivery of cocaine offense affect different victims and, accordingly, must be counted separately.

■■ ■ "An appellate court will reverse a sentencing court's decision only if it finds a clear abuse of discretion or misapplication of the law." *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). Under the "same criminal conduct" analysis, the trial court must count "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim" as one offense for the purpose of computing the defendant's criminal history at sentencing. RCW 9.94A.400(1)(a); *see* RCW 9.94A.360(5)(a)(i). For purposes of sentencing, a defendant's prior criminal history—which becomes his or her offender score—reflects both convictions that occurred in the past and all other current offenses, i.e., convictions entered or sentenced on the same date as the conviction for which the offender score is being computed. RCW 9.94A.360(1), .400(1)(a). "Convictions of crimes involving multiple victims must be treated separately. To hold otherwise would ignore two of the purposes expressed in the SRA [Sentencing Reform Act of 1981]: ensuring that punishment is proportionate to the seriousness of the offense, and protecting the public." *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987) (citing RCW 9.94A.010(1), (4)).

The trial court in Hollis' case determined that his delivery of cocaine and involving a minor in a drug transaction convictions constituted the "same criminal conduct" because "all three of the counts happened at the same time and place" and because "there was one victim, which is the public at large." Report of Proceedings (Hollis) at 14 (June 20, 1997). Accordingly, the trial court calculated his offender score to be 0. As such, Hollis' sentencing ranges were 15-20 months for each involving a minor in a drug

transaction conviction and 21-27 months for the delivery of cocaine conviction. *See* RCW 9.94A.310. Thus, the trial court sentenced Hollis to 15 months for each of the involving a minor in a drug transaction convictions. For the delivery of cocaine conviction, the trial court sentenced Hollis to 45 months, which included 24 months additional penalty because the offense occurred within 1,000 feet of a school bus route stop. *See* RCW 69.50.435.

■ The State maintains that the victim of the delivery of cocaine offense was the public and that the victim of the involving a minor in a drug transaction offense was the minor. We agree. Our Supreme Court has stated that the victim of the delivery of cocaine offense, RCW 69.50.401(a), is the public at large. *State v. Garza-Villarreal*, 123 Wn.2d 42, 47, 864 P.2d 1378 (1993). But our Legislature has created a separate offense, RCW 69.50.401(f), to criminalize the acts of compensating, threatening, soliciting or in any other manner involving—i.e., surrounding, enclosing, or drawing in—a minor in an unlawful drug transaction, or obliging a minor to become associated with the drug transaction. In doing so, it intended that multiple punishments be imposed for a single transaction involving a minor in a delivery of controlled substances and it recognized that minors are victims. *Cf. State v. Vanoli*, 86 Wn. App. 643, 651-52, 937 P.2d 1166 ("[M]inors are indeed victims, as well as participants, when they are given illegal drugs."), *review denied*, 133 Wn.2d 1022 (1997).

Further, the sentence that the trial court imposed on Hollis was no more enhanced than it would have been had he not involved a minor in the drug transaction. Thus, the sentence does not reflect punishment proportionate to the seriousness of his offenses, *see Dunaway*, 109 Wn.2d at 215, and is inconsistent with legislative intent to impose multiple punishments on defendants who involve minors in drug transactions. We thus conclude that the trial court misapplied the law by counting Hollis' involving a minor in a drug transaction offense and his delivery of cocaine offense as the "same criminal conduct" because these offenses affected different victims.

We reverse the trial court's calculation of Hollis' offender score, and remand for resentencing consistent with this opinion.

In sum, we affirm Hollis' convictions for delivery of cocaine and involving Brown in the drug transaction, reverse his conviction for involving Maxwell, reverse his sentence and remand for resentencing. We affirm Reddick's convictions and sentence.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports but will be filed for public record in accord with RCW 2.06.040, it is so ordered.

GROSSE and APPELWICK, JJ., concur.

Review denied at 137 Wn.2d 1037, 1038 (1999).