[No. 42447-9-II.   Division Two.   February 20, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES NOEL
DENNY, *Appellant*.

*Thomas E. Doyle*, for appellant.

*Jon Tunheim, Prosecuting Attorney*, and *Heather Stone, Deputy*, for respondent.

¶1 JOHANSON, A.C.J. — Charles Noel Denny appeals his convictions for unlawful possession of a controlled substance and third degree theft, arguing that because both convictions arose from the same conduct, he cannot be convicted of both. He also claims counsel was ineffective for failing to move to vacate his unlawful possession conviction because it arose from the same conduct as the theft conviction. We affirm because our legislature intended to punish unlawful possession of a controlled substance separately from theft of a controlled substance.

## FACTS

¶2 In September 2010, Ryan Simons suspected that Denny, his live-in caregiver, was stealing his prescription medication; so he arranged his pill bottles in a certain way and set up a webcam to video record the area where he kept his pills. Simons left to run errands and returned later to notice that someone had moved the pill bottles and taken hydrocodone pills. After watching the video showing Denny taking the pills, Simons called the police.

¶3 Olympia Police Officer Michael Hovda responded to Simons's report. He confronted Denny, who pulled two hydrocodone pills from his pocket and gave them to Officer Hovda.

¶4 The State charged Denny with unlawful possession of hydrocodone[1] and third degree theft.[2] A jury convicted Denny of both charges. Denny appeals.

## ANALYSIS

### I. SEPARATE CONVICTIONS FOR THEFT AND POSSESSION OF A CONTROLLED SUBSTANCE

¶5 Denny first argues that we must vacate his conviction for unlawful possession of hydrocodone because he cannot

---

[1] RCW 69.50.4013.

[2] RCW 9A.56.050.

be convicted of both drug theft and drug possession based on the same conduct. We affirm Denny's convictions because the legislature intended to punish both unlawful possession of controlled substances and theft of that controlled substance.

▮▮▮▮ ¶6 Statutory interpretation is a legal question that we review de novo. *State v. Haddock*, 141 Wn.2d 103, 110, 3 P.3d 733 (2000). Generally, one cannot be convicted for both theft of property and the possession of that same property; and when one is convicted of both, the trial court should vacate one conviction before sentencing. *State v. Melick*, 131 Wn. App. 835, 840-41, 843-44, 129 P.3d 816, *review denied*, 158 Wn.2d 1021 (2006).

¶7 When, however, the legislature intends to criminalize possession of a particular item or substance separately from other crimes relating to property theft, this general rule does not apply. *See In re Pers. Restraint of Francis*, 170 Wn.2d 517, 523, 242 P.3d 866 (2010) ("Because the legislature has the power to define offenses, whether two offenses are separate offenses hinges upon whether the legislature intended them to be separate."). Our Supreme Court, for example, examined relevant statutory construction principles and legislative history to hold that a trial court may enter judgment against a defendant for unlawful possession of a firearm and possession of stolen firearms. *See Haddock*, 141 Wn.2d at 110. The Supreme Court considered that the crimes involved different victims—the public in an unlawful firearm possession offense, and the firearm owners in a possession of stolen firearm offense. *Haddock*, 141 Wn.2d at 110-11. Likewise, in *State v. Calle*, 125 Wn.2d 769, 780, 888 P.2d 155 (1995), our Supreme Court held that the differing purposes served by rape and incest statutes, their location in different criminal code chapters, and the long-held belief that the two statutes encompassed separate crimes are evidence of the legislature's intent to punish them as separate offenses. Our courts have also held that the legislature intended unlawful possession of a controlled

substance to be a strict liability offense, an offense requiring no proof of criminal intent. *See State v. Bradshaw*, 152 Wn.2d 528, 537-38, 98 P.3d 1190 (2004), *cert. denied*, 544 U.S. 922 (2005).

¶8 A legislative history and statutory construction analysis of our drug possession statutes reveals that the legislature intended to criminalize unlawful possession of a controlled substance separate from theft of a controlled substance: (1) The prohibitions against possession and theft are contained in different RCW titles and chapters; (2) possession and theft statutes protect different victims; and (3) unlike theft, unlawful possession of a controlled substance requires no showing of intent.

¶9 First, the statutes prohibiting unlawful possession of a controlled substance and theft are found in different RCW titles and chapters. Chapter 69.50 RCW, the Uniform Controlled Substances Act, regulates possession of controlled substances. Chapter 9A.56 RCW, "Theft and Robbery," within Washington's Criminal Code, prohibits theft. Like *Calle*, in which our Supreme Court reasoned that incest and rape were separate crimes, in part because of their placement in separate RCW chapters, here, the controlled substance possession and theft statutes are also found not in different RCW chapters of the same title, but in different RCW titles altogether. This evidences the legislature's intent to create separate and distinct crimes for possessing controlled substances and for stealing.

¶10 Second, the statutes prohibiting unlawful controlled substance possession and theft protect different victims. Statutes prohibiting unlawful controlled substance possession protect the public. *Haddock*, 141 Wn.2d at 111. RCW 69.50.607 expressly regulates controlled substances "for the immediate preservation of the public peace, health and safety, the support of the state government and its existing public institutions." *See also* LAWS OF 1923, ch. 47, §§ 3, 16 (expressing intent to prohibit mere possession of controlled substances in order to protect the public). Theft

statutes, on the other hand, protect individuals and their private property, like the pain medication that Denny stole from Simons.

¶11 Third, the unlawful possession of a controlled substance and the theft statutes require different proof of one's criminal intent. Our courts have held that unlawful possession of a controlled substance is a strict liability crime, according to its express statutory language. *Bradshaw*, 152 Wn.2d at 537-38. So unlike theft, which requires proof of criminal intent, unlawful possession of a controlled substance requires no such showing. *See also Haddock*, 141 Wn.2d at 113 (holding that even offenses with *identical* mental elements, when committed for different purposes, are not considered "same criminal conduct"). Therefore, our legislature's express creation of strict liability for controlled substance possession offers further indicia of its intent to punish the possession of a controlled substance separately from any theft. Accordingly, we affirm both of Denny's convictions.

## II. Ineffective Assistance

¶12 Denny next argues that his defense counsel provided ineffective assistance by failing to move to vacate his possession conviction. We disagree.

¶13 Both the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee the right to effective representation. *State v. Hendrickson*, 129 Wn.2d 61, 77, 917 P.2d 563 (1996). A defendant demonstrates ineffective representation by satisfying the two-part standard initially announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and subsequently adopted in Washington. *State v. Jeffries*, 105 Wn.2d 398, 418, 717 P.2d 722, *cert. denied*, 479 U.S. 922 (1986). To demonstrate ineffective assistance of counsel, the defendant must show (1) counsel's performance was objectively

unreasonable and (2) the deficient performance prejudiced the defense. *Jeffries*, 105 Wn.2d at 418 (quoting *Strickland*, 466 U.S. at 687). The defendant bears the burden of proving both parts, and failure to establish either part defeats the ineffective assistance of counsel claim. *Jeffries*, 105 Wn.2d at 418 (quoting *Strickland*, 466 U.S. at 687).

¶14 Here, because the trial court did not err in entering judgment against Denny for both theft and possession of a controlled substance, Denny cannot claim that the trial court would have vacated his possession conviction had defense counsel moved to vacate it. Any motion to vacate would have been futile, so Denny cannot demonstrate defense counsel's deficient performance or any resulting prejudice.

¶15 We affirm.

HUNT and BJORGEN, JJ., concur.