**William SHIELDS, Appellant, (Defendant/Petitioner Below),**

v.

**STATE of Indiana, Petitioner Appellee (Plaintiff/Respondent Below).**

No. 1081S304.

Supreme Court of Indiana.

June 3, 1986.

Lex Venditti, of counsel, Spangler, Jennings, Spangler & Dougherty, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

William Shields was convicted of murder and felony murder and a life sentence was imposed. This Court recently affirmed the murder conviction and the denial of Shields' petition for post-conviction relief. *Shields v. State* (1986), Ind., 490 N.E.2d 292. We remanded with instructions to the trial court to vacate the conviction for felony murder. From that order the State now petitions for rehearing.

Shields committed one homicide, yet he was convicted of both murder and felony murder. Murder and felony murder constitute the same offense, and one may not be twice punished for a single homicide. *Bean v. State* (1978), 267 Ind. 528, 371 N.E.2d 713. The State argues that because only one life sentence was imposed, Shields was not twice *punished,* and the double conviction should stand.

Prevailing authority is to the contrary. A record of conviction has potential social and legal consequences which operate irrespective of whether a sentence is imposed. *Benton v. Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. Clearly, a judgment of conviction alone, without imprisonment thereon, constitutes punishment. *Ball v. United States* (1985), 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740; *Bean v. State, supra; Thompson v. State* (1973) 259 Ind. 587, 290 N.E.2d 724.

The State's petition is denied.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.