[No. 61536-5.   En Banc.   January 26, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES L. CALLE, *Petitioner*.

*Thomas E. Doyle* and *Robert M. Quillian,* for petitioner.

*Bernardean Broadous, Prosecuting Attorney,* and *James C. Powers, Deputy,* for respondent.

MADSEN, J. — At issue in this case is whether the Defendant's convictions for first degree incest and second degree rape violate the Fifth Amendment's protection against double jeopardy because they arose from a single act of intercourse.

<h2 style="text-align:center">FACTS</h2>

James Calle, hereafter referred to as the Defendant, was originally charged with committing second degree rape by forcibly engaging in sexual intercourse with "K" on February 14, 1992. The prosecutor subsequently charged the Defendant with an additional count of first degree incest based on the same incident. The amended information alleged that

"K" is the Defendant's stepdaughter and was less than 18 years old on February 14, 1992.

The jury found the Defendant guilty on both counts. The trial court determined that the current offenses encompassed the same criminal conduct. Thus, neither crime raised the offender score of the other. The trial court sentenced the Defendant to standard range sentences of 18 months for the incest and 70 months for the rape, and set the sentences to run concurrently.

The Defendant appealed, and the commissioner of the Court of Appeals affirmed his convictions in a ruling on the merits. The Court of Appeals denied the Defendant's motion to modify that ruling, whereupon the Defendant petitioned for, and was granted, review by this court.

ANALYSIS

I

The State argues that the multiple convictions in this case do not constitute a violation of the Fifth Amendment's double jeopardy clause since the sentences are concurrent. The first question we must answer, then, is whether double jeopardy concerns may be implicated despite the concurrent nature of the sentences.

The double jeopardy clauses of the Fifth Amendment and Const. art. 1, § 9 protect a defendant against multiple punishments for the same offense. *State v. Noltie*, 116 Wn.2d 831, 848, 809 P.2d 190 (1991); *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983). Despite this protection, the rule in this state has long been that where there are several charges against a defendant for the same act or transaction and convictions are obtained on all counts, if the sentences are made to run concurrently and do not exceed the penalty for one of the offenses of which the defendant was properly convicted, then that defendant is being punished " 'but once for his unlawful act' " and double jeopardy is not at issue. *State v. Johnson*, 96 Wn.2d 926, 931, 639 P.2d 1332 (1982) (quoting *In re Rice*, 24 Wn.2d 118, 124, 163 P.2d 583 (1945)). In *Johnson*, the court observed that the federal courts also do not find multiple punishment where sentences run con-

currently, and added that "[t]he leading Supreme Court decisions in the area of double jeopardy and multiple punishment raise the issue only in the context of 'cumulative' punishment through consecutive sentences". *Johnson*, at 931.

■ This is no longer the case. In 1985, the United States Supreme Court observed that multiple convictions whose sentences are served concurrently may still violate the rule against double jeopardy. *Ball v. United States*, 470 U.S. 856, 864-65, 84 L. Ed. 2d 740, 105 S. Ct. 1668 (1985).

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction.

*Ball*, at 864-65.

Accordingly, the Court concluded that the mere fact that the sentences are concurrent will not shield multiple convictions from scrutiny under the double jeopardy clause. Both federal and state courts have cited *Ball* in concluding that double jeopardy concerns arise in the presence of multiple *convictions*, regardless of whether the resulting sentences are imposed consecutively or concurrently. *See United States v. Gomez-Pabon*, 911 F.2d 847, 861 (1st Cir. 1990) (although defendants received concurrent rather than consecutive sentences for their dual convictions, adverse consequences still could result from the fact that two separate convictions issued), *cert. denied*, 498 U.S. 1074 (1991); *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir.) (a criminal conviction, in addition to imprisonment and a penalty assessment, presents potentially adverse consequences), *aff'd sub nom. United States v. Hill*, 971 F.2d 1461 (1992); *Chao v. State*, 604 A.2d 1351, 1360 (Del. 1992) ("The United States Supreme Court has held that, for purposes of double jeopardy, the term 'punishment' encompasses a criminal conviction and *not* sim-

ply the imposition of a sentence.") Other cases citing *Ball* as support for assessing double jeopardy concerns in light of multiple convictions alone include *United States v. Palafox*, 764 F.2d 558, 564, 80 A.L.R. Fed. 763 (9th Cir. 1985); *United States v. Johnson*, 977 F.2d 1360, 1371 n.6 (10th Cir. 1992), *cert. denied*, 113 S. Ct. 1024 (1993); *United States v. Lindsay*, 985 F.2d 666, 670-71 (2d Cir.), *cert. denied*, 114 S. Ct. 103 (1993); *Shields v. State*, 493 N.E.2d 460 (Ind. 1986); *State v. Crowder*, 248 Mont. 169, 810 P.2d 299 (1991); *State v. Williams*, 12 Conn. App. 225, 234, 530 A.2d 627 (1987); *People v. Massey*, 219 Ill. App. 3d 909, 913, 579 N.E.2d 1259 (1991); *Byrd v. United States*, 598 A.2d 386, 393 (D.C. Cir. 1991); *State v. Etheridge*, 319 N.C. 34, 50, 352 S.E.2d 673 (1987).

This court recognized the adverse consequences that could result from multiple convictions alone in *State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980). "Conviction in itself, even without imposition of sentence, carries an unmistakable onus which has a punitive effect and the presence of multiple convictions is apt to affect the minimum sentence set by the parole board." *Johnson*, at 679. Despite this discussion of adverse consequences, however, the concurrent sentence rule was reaffirmed in *Johnson* 3 years later. *Johnson*, 96 Wn.2d at 931-32; *but see Johnson*, 96 Wn.2d at 938 (Utter, J., concurring) (adverse consequences are relevant regardless of whether consecutive or concurrent sentences are imposed).

In light of *Ball*, this court now must take into account the punitive aspects of multiple convictions, regardless of the type of sentence imposed, when reviewing such convictions in light of the Fifth Amendment's double jeopardy clause. Although the passage of the Sentencing Reform Act of 1981 eliminates any need to consider the effect of multiple convictions on parole decisions, the stigma and impeachment value of multiple convictions remain. Thus, double jeopardy is at issue here because of the possibility that rape and incest are the same offense when they arise out of the same act of intercourse, regardless of the concurrent sentences

imposed in this case. We hereby reject the concurrent sentence rule and hold that double jeopardy may be implicated when multiple convictions arise out of the same act, even if concurrent sentences have been imposed. To the extent that prior case law interpreting the Fifth Amendment conflicts with the rule of law we adopt today, it is overruled.

## II

Before we evaluate the Defendant's convictions under the double jeopardy clause, we must briefly address his argument that grounds other than double jeopardy prohibit his convictions. The Defendant cites *State v. Birgen*, 33 Wn. App. 1, 3, 651 P.2d 240 (1982), *review denied*, 98 Wn.2d 1013 (1983) to support his position that other non-double jeopardy reasons exist on which to base review of multiple convictions.

At issue in *Birgen*, decided by the Court of Appeals prior to the United States Supreme Court opinion in *Ball*, was whether convictions for statutory rape and third degree rape arising from a single act of intercourse were prohibited. Since the sentences were concurrent, the Court of Appeals rejected a double jeopardy challenge, stating that it was "constrained" to follow the concurrent sentence rule. *Birgen*, at 3. However, the *Birgen* court found "non-double jeopardy" reasons supported the challenge to the defendant's multiple convictions and remanded for resentencing on a single conviction of either statutory rape in the third degree or third degree rape. *Birgen*, at 14.

The court did not enumerate its non-double jeopardy reasons nor do we believe any exist. Rather, the *Birgen* court, in our view, was attempting to reach a double jeopardy analysis despite the concurrent sentence rule. Although the result in *Birgen* is sustainable, as we will discuss later in this opinion, we must reject the court's assertion regarding a non-double jeopardy basis for review of multiple punishments. *Birgen*, at 5. There are no non-double jeopardy reasons for reviewing multiple punishments — rather, the foundation for such review is the constitutional prohibition against double jeopardy.

## III

■ As stated earlier, the guaranty against double jeopardy protects against multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980). Within constitutional constraints, the legislative branch has the power to define criminal conduct and assign punishment for such conduct. *Whalen*, 689. Therefore, the question whether punishments imposed by a court, following conviction upon criminal charges, are unconstitutionally multiple cannot be resolved without determining what punishments the legislative branch has authorized. *Whalen*, at 688. Our review here is limited to assuring that the court did not exceed its legislative authority by imposing multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 344, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977)).

■ In examining whether the Legislature intended to authorize multiple punishments for violations of the rape and incest statutes, we start with the language of the statutes themselves. *See Albernaz*, at 336; *Birgen*, at 8. Neither the rape nor incest statute addresses the issue of whether multiple convictions for a single act of sexual intercourse have been authorized.[1] This is in contrast to statutes such as RCW 9A.52.050, which expressly authorizes cumulative punishment for crimes committed during the commission of a burglary. *State v. Davison*, 56 Wn. App. 554, 562, 784 P.2d

---

[1]"RCW 9A.64.020 Incest. (1) A person is guilty of incest in the first degree if he engages in sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood.

". . . .

"(3) As used in this section, 'descendant' includes stepchildren and adopted children under eighteen years of age."

"RCW 9A.44.050 Rape in the second degree. (1) A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person:

"(a) By forcible compulsion . . .".

1268, *review denied*, 114 Wn.2d 1017 (1990).[2] Since the incest and rape statutes do not expressly allow for convictions for each arising out of the same act of intercourse, we turn to statutory construction to determine whether these two statutory offenses may be punished cumulatively. *See Albernaz*, at 337.

Under the "same evidence" rule of construction which this court adopted in 1896, the defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law. *Johnson*, 96 Wn.2d at 933; *State v. Roybal*, 82 Wn.2d 577, 581, 512 P.2d 718 (1973) (quoting *State v. Reiff*, 14 Wash. 664, 667, 45 P. 318 (1896)). However, if each offense, as charged, includes elements not included in the other, the offenses are different and multiple convictions can stand. *In re Fletcher*, 113 Wn.2d 42, 49, 776 P.2d 114 (1989); *Vladovic*, at 423.[3] As this court stated in *Vladovic*,

> In order to be the "same offense" for purposes of double jeopardy the offenses must be the same in law and in fact. If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses.

*Vladovic*, at 423, *cited in Fletcher*, at 47.

Washington's "same evidence" test is very similar to the rule set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 2d 306, 52 S. Ct. 180 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the

---

[2]"9A.52.050 Other crime in committing burglary punishable. Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."

[3]It is important to distinguish between charges and convictions — the State may properly file an information charging multiple counts under various statutory provisions where evidence supports the charges, even though convictions may not stand for all offenses where double jeopardy protections are violated. *Ball v. United States*, 470 U.S. 856, 860, 84 L. Ed. 2d 740, 105 S. Ct. 1668 (1985) (citing *United States v. Gaddis*, 424 U.S. 544, 47 L. Ed. 2d 222, 96 S. Ct. 1023 (1976)).

test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[4]

*Blockburger*, at 304.

The elements of first degree incest are sexual intercourse with a person known to be a relative (in this case a "descendant", which includes stepchildren under 18 years of age). RCW 9A.64.020(1), (3). The type of second degree rape with which the Defendant was charged requires sexual intercourse with another person by forcible compulsion. RCW 9A.44.050(1)(a). Although the offenses charged may be identical in fact — *i.e.*, both occurred when the Defendant had sexual intercourse — they are not identical in law. Incest requires proof of relationship; rape requires proof of force. Therefore, the two offenses are not the same under either the "same evidence" test or *Blockburger*.

Both the *Blockburger* and same evidence tests, however, are rules of statutory construction and serve as a means of discerning legislative purpose. They should not be controlling where there is a clear indication of contrary legislative intent. *See Albernaz*, at 340. This court and the Court of Appeals have relied on indicia of legislative intent other than the *Blockburger* test to determine whether a defendant is receiving multiple punishment for the same offense.[5] In

---

[4]The *Blockburger* test was recently modified and then restored to its original configuration by the United States Supreme Court. In 1990, the Court ruled that a subsequent prosecution must satisfy both *Blockburger* and a same conduct test to avoid double jeopardy. *Grady v. Corbin*, 495 U.S. 508, 521, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990). The Court held in *Grady* that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted". *Grady*, at 521. Washington cases, in turn, substituted *Grady* for *Blockburger*. *See State v. Laviollette*, 118 Wn.2d 670, 673, 826 P.2d 684 (1992); *State v. Watkins*, 70 Wn. App. 245, 248, 852 P.2d 316 (1993); *In re Holmes*, 69 Wn. App. 282, 295, 848 P.2d 754 (1993). *Grady* was overruled, however, by *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849, 2860 (1993). The Court in *Dixon* ordered a return to the *Blockburger* "same elements" test for determining whether successive prosecutions violate the double jeopardy clause of the Fifth Amendment.

[5]We also note that the Supreme Court explored legislative history to determine whether it supported the *Blockburger* analysis in both *Ball* and *Albernaz*.

*State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980), this court reviewed the defendant's convictions for first degree rape, first degree kidnapping, and first degree assault. The court cited, but did not rely on, the results of the *Blockburger* test in determining whether the three convictions could stand. The offenses clearly involve different legal elements, but this factor was not determinative. The court looked instead to the historical development of the statutes involved and ordered the kidnapping and assault convictions stricken on the grounds that the Legislature intended that punishment for first degree rape should suffice as punishment for crimes proven in aid of the conviction, which are incidental to, and elements of, the central crime. *Johnson*, at 678.

Nor did differing legal requirements prevent the Court of Appeals from concluding that two offenses were the same in *State v. Potter*, 31 Wn. App. 883, 887-88, 645 P.2d 60 (1982). At issue in *Potter* was whether the defendant was properly punished for reckless endangerment and reckless driving in the same proceeding. The court cited *Blockburger* and observed that the offenses have different legal elements, but then added that if compared in light of what did *in fact* occur, proof of reckless endangerment through use of an automobile will always establish reckless driving. *Potter*, at 888. The court thus declined to adhere to the result of the *Blockburger* test, observing that in this context "we do not have sufficient confidence in its fitness for discerning legislative intent". *Potter*, at 888.

The Court of Appeals cited *Potter* when it again declined to accept the result of the *Blockburger* test in *Birgen*. At issue in *Birgen* was whether convictions for third degree rape and third degree statutory rape that arose out of the same act of intercourse could stand. The *Birgen* court agreed with the State that under the "same evidence" and *Blockburger* tests, the offenses had different legal elements and thus were not the same. *Birgen*, at 7. The court termed the

See *Ball*, at 862-64; *Albernaz v. United States*, 450 U.S. 333, 340-42, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981).

*Blockburger* test "merely one means of determining legislative intent", however, and did not find it dispositive. *Birgen*, at 7.

The court then explored the legislative history of rape and statutory rape and concluded that the statutes define a single crime of rape with the degree of punishment dependent on the underlying circumstances. *Birgen*, at 14. The court thus held that the Legislature had not authorized multiple rape convictions arising out of a single act of sexual intercourse violating more than one of the statutory sections defining rape and statutory rape. *Birgen*, at 14.

Thus, while we regard the *Blockburger* and same evidence tests as significant indicators of legislative intent, we recognize that these tests are not always dispositive of the question whether two offenses are the same. As stated earlier, however, the presumption accorded to statutes by these rules should be overcome only by clear evidence of contrary intent.

In examining the legislative history of the rape and incest statutes we see no such evidence. Rather, we find only support for our conclusion that the Legislature intended to punish incest and rape as separate offenses, even though committed by a single act. As the Court of Appeals noted, the differing purposes served by the incest and rape statutes, as well as their location in different chapters of the criminal code, are evidence of the Legislature's intent to punish them as separate offenses. Incest and rape have been regarded as separate crimes in Washington since before statehood. *See* Laws of 1873, ch. 7, § 127, p. 209 (grouping incest with offenses such as seduction, adultery, polygamy, and lewdness). Today, the offenses are defined in two separate sections of the criminal code. Incest and bigamy now constitute RCW 9A.64, Family Offenses, while second degree rape is defined in RCW 9A.44, Sex Offenses.

As the Court of Appeals recognized, the two offenses also serve different purposes. One commentary states that the preservation of family security is the primary purpose behind the incest legislation. Sex Crimes, *Washington's New Criminal Code Liberalizes Consensual Noncommercial Sex,*

12 Gonz. L. Rev. 575, 582 (1977). The Court of Appeals more expansively observed that incest is punished not only to prevent mutated birth but also to promote and protect family harmony, to protect children from the abuse of parental authority, and "because society cannot function in an orderly manner when age distinctions, generations, sentiments and roles in families are in conflict". *State v. Kaiser*, 34 Wn. App. 559, 566, 663 P.2d 839, *review denied*, 100 Wn.2d 1004 (1983).

In contrast, the primary intent of RCW 9A.44 is to prohibit acts of unlawful sexual intercourse, with punishment dependent on the accompanying circumstances. *Birgen*, at 9. One commentary states that Washington's rape laws recognize that while rape is a crime with diverse implications, it is most often a crime of aggression, power, and violence. The focus of the crime is not simply sexual violation, but also the fear, degradation and physical injury accompanying that act. Helen G. Tutt, Comment, *Washington's Attempt To View Sexual Assault as More Than a "Violation" of the Moral Woman — The Revision of the Rape Laws*, 11 Gonz. L. Rev. 145, 155 (1975). We find it apparent that the rape and incest statutes are "directed to separate evils" and thus constitute separate offenses. *See Albernaz*, at 343.

The Defendant maintains, however, that the Legislature has set out differing sentencing ranges for incest and rape, and that this plan should not be avoided by multiplying convictions arising out of a single act of intercourse. In response, it is important to point to the Legislature's validation of the concept of multiple convictions arising out of the same criminal act in RCW 9.94A.400(1)(a), which requires multiple current offenses encompassing the same criminal conduct to be counted as one crime in determining the defendant's offender score. "'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A-.400(1)(a). Sentences imposed under this subsection are to be served concurrently. Thus, it seems clear that the legisla-

tive plan accepts the possibility that a single act may result in multiple convictions, and simply limits the consequences of such convictions.

We find that all indications of legislative intent clearly support the result of the same evidence and *Blockburger* tests in this case. Under the tests set forth by this court and the United States Supreme Court, second degree rape and first degree incest are separate offenses, and the double jeopardy clause does not prevent convictions, and attendant penalties, for both offenses arising out of a single act of intercourse.

We hereby affirm the order of the Court of Appeals upholding the Defendant's convictions for second degree rape and first degree incest.

DURHAM, C.J., UTTER, SMITH, GUY, and JOHNSON, JJ., and ANDERSEN and BRACHTENBACH, JJ. Pro Tem., concur.

DOLLIVER, J., concurs in the result.