IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30790-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIA CUEVAS CORTES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Antonio Cuevas Cortes challenges his convictions for child rape, child molestation, and incest in the first and second degree, alleging that double jeopardy precludes the multiple convictions. We believe the Washington Supreme Court has settled these challenges against his position and affirm.

FACTS

Mr. Cuevas Cortes was convicted by a jury of one count of second degree incest related to victim G.C., and of third degree child rape, third degree child molestation, and first and second degree incest involving E.C. With respect to the counts involving E.C., the charging period for the rape and molestation offenses was the same two year period

from late 2002 to late 2004. The two incest counts were charged over a period from 2000 to 2010 and overlapped the rape and molestation counts.

The court instructed the jury that it must unanimously agree on the act that related to each count, but declined to give similarly worded instructions requested by the defense. The jury convicted on the five noted counts; three other charges were dropped during trial. The court imposed standard range terms. Mr. Cuevas Cortes then timely appealed to this court.

## ANALYSIS

Mr. Cuevas Cortes argues that the trial court violated his constitutional right to be free from double jeopardy because the jury instructions could have allowed the jury to convict Mr. Cuevas Cortes of all four crimes involving E.C. based on a single act. Specifically, he challenges the court's failure to give a "separate and distinct acts" instruction.

Mr. Cuevas Cortes did not request such an instruction at the trial court. Accordingly, we will only review that claimed error if Mr. Cuevas Cortes can show that it was a manifest error affecting a constitutional right. RAP 2.5(a)(3). The alleged error is unquestionably constitutional in nature. The Fifth Amendment and article I, section 9, both prohibit "multiple punishments for the same offense imposed in the same proceeding." *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 48-49, 75 P.3d 488 (2003).

2

However, the argument still fails. A "defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law." *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). "If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses." *Id.* (quoting *State v. Valdovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983).

Mr. Cuevas Cortes has not established that the offenses are the same in law and in fact. Child molestation is not a lesser included offense of child rape. *State v. French*, 157 Wn.2d 593, 610-11, 141 P.3d 54 (2006). Because of that fact, a conviction for both child molestation and child rape does not violate double jeopardy. *Id.* at 611 n.11.

Similarly, incest and rape are not the same offenses in law because each offense contains elements that the other does not have. *Calle*, 125 Wn.2d at 778. Moreover, the legislature has shown that it desires to punish incest in addition to rape as the purpose of the incest statute is to preserve family security. *Id.* at 780-81. For that reason, we believe that Mr. Cuevas Cortes's argument also fails with respect to the molestation charge. The purpose of an incest prosecution is different than the purpose behind a prosecution for violating RCW 9A.44. *Id.* at 781.

3

Accordingly, we hold that incest can be prosecuted in conjunction with either child rape or child molestation. Thus, Mr. Cuevas Cortes has not shown any potential double jeopardy violation that would have required a separate and distinct act instruction.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____           _____
Kulik, J.                                                         Fearing, J.