IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34458-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX SAMUEL NOVIKOFF, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Alex Novikoff appeals his convictions for felony violation of a protection order and fourth degree assault, arguing that the latter conviction cannot stand due to double jeopardy and merger concerns. Since legislative intent, as noted previously by the other divisions of this court, indicates that the legislature authorized punishment for both offenses, we affirm.

## FACTS

A jury convicted Mr. Novikoff of unlawful imprisonment, third degree theft, felony violation of a protection order, and fourth degree assault involving an attack on his former girlfriend. Only the latter two convictions are at issue in this appeal. The

evidence indicated that the latter two charges were based on a portion of the incident where Mr. Novikoff struck the victim in the face, causing her to bleed.

At sentencing, Mr. Novikoff successfully argued that the unlawful imprisonment and violation of a protection order constituted the same criminal conduct. He also argued that the fourth degree assault conviction should merge into the protection order violation conviction. The trial court disagreed, determining that the legislature intended both offenses to be punished separately.

Mr. Novikoff timely appealed to this court, again contending that the assault conviction should be dismissed or merged into the protection order violation. A panel considered this matter without argument.

## ANALYSIS

Mr. Novikoff contends that his rights against double jeopardy were violated by the two convictions. He also argues that the two crimes merge. We address those contentions in the order listed.

*Double Jeopardy*

We initially consider the claim that Mr. Novikoff's double jeopardy rights were violated by allowing both convictions to stand. Legislative intent, as previously discerned by the other two divisions of this court, requires that we reject this claim.

Appellate courts review claims of double jeopardy de novo. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006). Double jeopardy can arise in three different circumstances. *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995). As relevant here, double jeopardy prohibits multiple criminal convictions for one crime, absent evidence that the legislature intended multiple convictions. *Id.* at 100-01; *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004); *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). When multiple convictions have been entered where only one is permitted, the remedy is to vacate the lesser offense. *State v. Weber*, 159 Wn.2d 252, 265, 149 P.3d 646 (2006). The lesser offense is the lesser included offense or the one that carries the lesser punishment. *Id.* at 269.

Whether or not multiple punishments are permitted for the same criminal act is largely a question of legislative intent. *Calle*, 125 Wn.2d at 776. Courts apply the test of *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932) to determine whether or not multiple punishments are authorized. That test determines whether two crimes are the same offense by seeing if each crime requires proof of elements not found in the other offense. *Blockburger*, 284 U.S. at 304. In effect, then, the *Blockburger* test prohibits multiple convictions when one crime is a lesser offense of the greater crime. In addition to comparing elements of the offenses, Washington courts also look at whether the evidence proving one crime also proved the second crime.

*Orange*, 152 Wn.2d at 820-21. Elements are compared by looking to the charging

theories of the case rather than merely examining the statutory elements. *Id.* at 819-20.

Mr. Novikoff was charged and convicted of violating RCW 26.50.110(4), which

states in relevant[1] part that:

> Any assault that is a violation of an order issued under . . . RCW 10.99 . . .
> and that does not amount to assault in the first or second degree under
> RCW 9A.36.011 or 9A.36.021 is a class C felony.

This statute was authoritatively considered by the Washington Supreme Court in *State v.*

*Ward*, 148 Wn.2d 803, 64 P.3d 640 (2003). The issue there involved what elements

needed to be included in the charging document. *Id.* at 810-14.[2] Two subsequent Court

of Appeals decisions, released only ten weeks apart, have considered the legislative intent

behind this statute in the context of felony assault. *State v. Leming*, 133 Wn. App. 875,

138 P.3d 1095 (2006); *State v. Moreno*, 132 Wn. App. 663, 132 P.3d 1137 (2006).

In *Moreno*, Division One of this Court addressed the situation of a defendant

convicted of both third degree assault and felony violation of a no contact order. 132

Wn. App. at 668. Looking at the "same evidence" test required by *Calle*, the *Moreno*

court found that the two offenses were the same in fact, and the court assumed, without

---

[1] The charge was predicated on a violation of a no contact order entered against Mr. Novikoff in a different pending criminal case. Clerk's Papers at 71-72.

[2] The statute previously had been before the court in *State v. Azpitarte*, 140 Wn.2d 138, 142, 995 P.2d 31 (2000). There the court noted that "all assault convictions connected to violation of a no-contact order will result in a felony."

deciding, that the two offenses were the same in law. *Id.* After noting that this result

raised a presumption that separate punishments were not intended, the court still had to

consider evidence of legislative intent. *Id.* at 669. Particularly important was the fact

that the order violation statute was located in the domestic violence chapter, RCW 26.50,

while the assault statute was found in the criminal code, Title 9A RCW. *Id.* That

placement was significant because RCW 26.50.210 expressly provided that remedies

under chapter 26.50 RCW were "in addition to other civil or criminal remedies." *Id.*

(emphasis omitted). The court found that the statutory placement evinced legislative

intent to punish the no contact violation separately from the assault. *Id.* at 669-70.

Looking further into the statutory scheme, the *Moreno* court found additional

support for its conclusion about legislative intent in the different purposes between the

assault and court order statutes.[3] In particular, the primary purpose of the assault statutes

is to prevent assaultive behavior, but chapter 26.50 RCW serves additional purposes

beyond prevention of assault—it addresses the serious societal problem of domestic

violence, it assigns more serious penalties than the assault statutes, and it punishes

contempt of court. *Id.* at 670-71. Given the wide variety of different purposes served by

---

[3] *Moreno* found support for this approach in *Calle*, noting that there the court had found intent to punish both rape and incest separately due to differences in purpose between the rape (prevent unlawful sexual intercourse) and incest (family harmony) statutes. *Moreno*, 132 Wn. App. at 670 (discussing *Calle*, 125 Wn.2d at 780-81).

the two crimes, *Moreno* concluded that the legislature intended to give effect to the additional purposes by punishing the crimes separately. *Id.* at 671.

*Leming* involved convictions for second degree assault and violation of a no contact order arising from the same behavior. 133 Wn. App. at 880-81.[4] The court began its analysis of the double jeopardy problem by noting that the statutes did not expressly authorize separate punishment. *Id.* at 885. Applying the *Blockburger* analysis, *Leming* concluded that the two offenses were not the same in law or in fact and were intended to be treated separately. *Id.* at 886. It then turned to the question of legislative intent and also found that the varying purposes between chapter 26.50 RCW and the criminal code "implicitly expressed" intent to punish the offenses separately. *Id.* at 886-87.

The legislative session immediately following release of the opinions in *Moreno* and *Leming* resulted in additional amendments to chapter 26.50 RCW. The resulting amendment to the intent section expressly stated: "The legislature finds this act necessary to restore and make clear its intent that a willful violation of a no-contact provision of a court order is a criminal offense and shall be enforced accordingly to preserve the integrity and intent of the domestic violence act." LAWS OF 2007, ch. 173, § 1.[5] This

---

[4] A conviction for fourth degree assault arising from the same incident was dismissed because the prosecution had charged that crime as an *alternative* offense to the no contact order violation. *Leming*, 133 Wn. App. at 881.

[5] The problem addressed by the legislature was the failure of some courts to treat as criminal offenses behavior that violated no contact order provisions but was not otherwise a crime. *See State v. Bunker*, 169 Wn.2d 571, 238 P.3d 487 (2010).

6

intent statement, unavailable to the *Moreno* and *Leming* courts, lends further support to the idea that the legislature wanted chapter 26.50 RCW enforced on its own merits without regard to the criminal code.

The trial court relied on the *Moreno* and *Leming* decisions in reaching its conclusion that the legislature intended separate punishment for the two crimes. In light of this history, we agree with the trial court's interpretation. Fourth degree assault, under the charging theory of this case, appears to be the same in law and in fact under the *Blockburger* and *Calle* tests, putting this case analytically closer to *Moreno* than to *Leming*. Nonetheless, while that presumptive test suggests separate punishment was not intended, the clear legislative intent found by both *Moreno* and *Leming*, and reaffirmed when the legislature amended the statute the following year, compels us to conclude that the assault and no contact order statutes must both be enforced in this circumstance.

We hold that the legislature intended to separately punish Mr. Novikoff for both violation of a no contact order and fourth degree assault. His double jeopardy argument fails in light of legislative intent.

*Merger*

Mr. Novikoff also argues that the merger doctrine provides an independent basis for treating the two offenses as one. In light of the noted evidence of legislative intent, this argument also is unavailing.

The merger doctrine, independent of double jeopardy concerns, evaluates whether the legislature intended multiple crimes to merge into a single crime for punishment purposes. *State v. Vladovic*, 99 Wn.2d 413, 419 n.2, 662 P.2d 853 (1983) (citing *Blockburger*, 284 U.S. 299). The merger doctrine applies only when, in order to prove a more serious crime, the State must prove an act that a statute defines as a separate crime. *Vladovic*, 99 Wn.2d at 420-21.[6] In this instance, the assault that provided the factual basis for the fourth degree assault is also an element of the no contact order violation, suggesting that merger might apply.

But, as with double jeopardy analysis, the ultimate question is whether the legislature intended separate punishment. *Id.* at 419 n.2; *State v. Berg*, 181 Wn.2d 857, 864, 337 P.3d 310 (2014). Here, as noted in the previous section, the answer to that question has already been provided by the legislature. Both while enacting the domestic violence protection act, chapter 26.50 RCW, as well as when amending it, the legislature has seen separate enforcement of that chapter's provisions as important to addressing the public policy of this state.

Accordingly, we conclude that the two offenses do not merge because the legislature intended them to be punished separately.

---

[6] In essence, the merger doctrine provides double jeopardy-like protection in instances where the double jeopardy would not apply due to failure to meet the *Blockburger* standards.

8

No. 34458-4-III
*State v. Novikoff*

The convictions are affirmed.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.