IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80696-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MALDONADO-ALONZO, LESTER OMAR, | ) | UNPUBLISHED OPINION |
| DOB: 08/04/1991, | ) | |
| | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — A jury convicted Lester Omar Maldonado-Alonzo of fourth degree assault and unlawful imprisonment with domestic violence designations. Because the crimes are the same in law and fact as charged and proved at trial, the convictions violate Maldonado-Alonzo's right to be free from double jeopardy. We reverse and remand for the trial court to vacate the fourth degree assault conviction and to strike the imposition of community custody supervision fees from his judgment and sentence.

FACTS

Gabriel Marshall was out for an evening jog when he ran past a man and a woman standing in a driveway of a duplex. He paid little attention to them until the woman called, " 'Help me. Stop. Please.' " Marshall turned back and saw a man, later identified as Maldonado-Alonzo, "holding" the woman with one arm

Citations and pin cites are based on the Westlaw online version of the cited material.

around her shoulder and one arm around her waist. The woman, Isamar Perez, was holding an infant. She appeared to be trying to pull away from Maldonado-Alonzo, who "wouldn't let her go." According to Marshall, Perez appeared "nervous" and her voice "trembled."

Maldonado-Alonzo released Perez within a minute of Marshall turning around in response to her plea for help. Marshall asked if Perez wanted him to call the police. When she said yes, Marshall called 911. Marshall, Perez, and Maldonado-Alonzo waited for the police to arrive. Maldonado-Alonzo stepped back toward the house but remained in the driveway. The responding officer arrived and spoke with Perez, who was calm but seemed "afraid."

The State charged Maldonado-Alonzo with one count of unlawful imprisonment and one count of fourth degree assault. Both counts had domestic violence designations, and the unlawful imprisonment charge included an aggravator that the offense occurred within sight or sound of the victim's minor child. The jury found Maldonado-Alonzo guilty as charged.

During sentencing, the parties and the court agreed that the two charges constituted the same criminal conduct and calculated Maldonado-Alonzo's offender score accordingly. The court imposed a standard-range sentence and stated that it would "waive nonmandatory fines and fees."

Maldonado-Alonzo appeals.

ANALYSIS

Double Jeopardy

Maldonado-Alonzo argues that his convictions for both unlawful imprisonment and fourth degree assault as charged and proved at trial violate the constitutional prohibitions on double jeopardy. We agree.

The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington State Constitution provide identical protection to prohibit the State from twice punishing a person for the same offense. State v. Ervin, 158 Wn.2d 746, 752, 147 P.3d 567 (2006).

> The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense.

State v. Villanueva-Gonzalez, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). Double jeopardy claims are questions of law that we review de novo. State v. Jackman, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

Whether a defendant received multiple punishments for the same offense "is ultimately 'a question of statutory interpretation and legislative intent.' " Villanueva-Gonzalez, 180 Wn.2d at 980 (quoting State v. Adel, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998)). "Where a defendant's act supports charges under two criminal statutes, a court weighing a double jeopardy challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense." In re Pers. Restraint Petition of Orange, 152 Wn.2d 795, 815, 100 P.3d 291 (2004). If the statutes do not expressly authorize multiple

3

punishments for the same act, we apply the "same evidence" rule of statutory construction.[1]  State v. Calle, 125 Wn.2d 769, 776-77, 888 P.2d 155 (1995).

A person is guilty of unlawful imprisonment if he "knowingly restrains another person."  RCW 9A.40.040(1).  A person is guilty of assault in the fourth degree "if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another."  RCW 9A.36.041(1).  Because the unlawful imprisonment and fourth degree assault statutes do not expressly permit multiple punishments, we proceed to the same evidence test to determine legislative intent.

Under the same evidence test, "the defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law."  Calle, 125 Wn.2d at 777.  This requires examination of the elements of the crime as both charged and proved.  State v. Nysta, 168 Wn. App. 30, 46-47, 275 P.3d 1162 (2012).  Here, the State concedes that "the jury would necessarily rely on the same evidence presented to find the defendant guilty of both charges. . . . Thus, under the 'same evidence' test the two crimes are the same in law and fact."  We accept this concession.

Even so, the State argues that "[d]ouble jeopardy is not necessarily violated simply because the same conduct is used to prove each crime."  Citing Calle, the State asserts that the same evidence rule serves as a means of statutory construction that should not be controlling where there is indication of

---

[1] Courts also refer to the same evidence test as the "same elements" test or the Blockburger test.  See State v. Louis, 155 Wn.2d 563, 569, 120 P.3d 936 (2005); Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

contrary legislative intent.  See Calle, 125 Wn.2d at 778.  According to the State, there is sufficient evidence that the legislature intended to punish the two crimes separately because "[u]nlawful imprisonment and fourth degree assault are located in different places in the criminal code," and one is intended to punish for "acts that restrict another's freedom" while the other is intended "to punish for unwanted or offensive touching."

But "the result of the [same evidence] test 'creates a strong presumption of the legislature's intent,' and '[t]his presumption can be overcome only by clear evidence of contrary [legislative] intent.' "  State v. Muhammad, 194 Wn.2d 577, 620, 451 P.3d 1060 (2019)[2] (quoting Louis, 155 Wn.2d at 570).  Requiring clear evidence of contrary legislative intent to overcome the same evidence test complies with the rule of lenity—that convictions under both statutes violate double jeopardy if the legislature's intent is unclear.  See Muhammad, 194 Wn.2d at 620; Jackman, 156 Wn.2d at 751.

While it is true that the unlawful imprisonment and assault in the fourth degree statutes are located in different sections of the criminal code and serve different purposes when examined in isolation, these elements alone do not amount to clear evidence that the legislature intended to punish each crime separately.  See Orange, 152 Wn.2d at 820 (first degree attempted murder and first degree assault of same victim violated double jeopardy under same evidence test); State v. Freeman, 153 Wn.2d 765, 775-76, 108 P.3d 753 (2005) (finding no explicit or implicit legislative intent to punish separately robbery

_____

[2] Second and third alteration in original; internal quotation marks omitted.

elevated to first degree by an assault and the assault itself); State v. Martin, 149 Wn. App. 689, 700-01, 205 P.3d 931 (2009) (second degree assault and attempted third degree rape violated double jeopardy under same evidence test).

Because the State does not show clear evidence of explicit or implicit legislative intent contrary to the strong presumption that Maldonado-Alonzo's two convictions amount to double jeopardy, we reverse and vacate Maldonado-Alonzo's conviction for fourth degree assault and remand for resentencing. See State v. Weber, 159 Wn.2d 252, 269, 149 P.3d 646 (2006) (vacating crime with lesser punishment is remedy for double jeopardy violation).

Judgment and Sentence

Maldonado-Alonzo argues that his judgment and sentence mistakenly reflects that he must pay supervision fees for his term of community custody. We agree.

Unless waived by the court, offenders must pay supervision fees for their term of community custody. RCW 9.94A.703(2)(d). Here, the trial court waived all "nonmandatory fines and fees." But Maldonado-Alonzo's judgment and sentence included discretionary community custody supervision fees. Because the record supports a finding of indigency and the court's intent to waive all discretionary legal financial obligations, we remand for the trial court to strike the provision. See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198 (2020).

We reverse and remand for the trial court to vacate Maldonado-Alonzo's fourth degree assault conviction and strike the imposition of community custody supervision fees from his judgment and sentence.

Brennan, J.

WE CONCUR:

Mann, C.J.

Appelwick, J.