IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85542-5-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ERNESTO SOSA, | |
| Appellant. | |

COBURN, J. — Ernesto Sosa argues that his convictions for robbery in the first degree and theft in the second degree violate the constitutional prohibition against double jeopardy. Additionally, Sosa argues that the trial court's imposition of various legal financial obligations (LFOs) must be stricken. We accept the State's concessions to vacate the theft conviction and to strike the LFOs.

FACTS

In January 2023 Sosa walked into Industrial Credit Union with a flannel shirt wrapped over his arm in a way that also covered his hand. That day Courtney McMahon was working at the credit union as a teller. She testified that Sosa skipped the line, directly approached her teller station, did not mention anything about an account or name, leaned in, and said, "Give me what is in the drawer." Sosa stared "very hard" at McMahon with "a very tense look on his face." McMahon was concerned that Sosa might have a weapon in his covered hand. Scared that he would not otherwise leave,

McMahon gave Sosa approximately $2,800 from her till drawer. Sosa then left the premises.

Sosa was subsequently convicted of one count of robbery in the first degree and one count of theft in the second degree. See RCW 9.56.200(1)(b), .040(1)(a). The trial court found the convictions were based on the same criminal conduct. He received concurrent sentences of 77 months of confinement for the robbery in the first degree conviction and 12 months of confinement for the theft in the second degree conviction.[1] He also received 18 months of community custody.

## DISCUSSION

### Double Jeopardy

Sosa contends that his convictions for robbery in the first degree and theft in the second degree violate double jeopardy. The double jeopardy clauses of the U.S. Constitution's Fifth Amendment and the Washington State Constitution protect a defendant against multiple punishments for the same offense. State v. Calle, 125 Wn.2d 769, 772, 888 P.2d 155 (1995); U.S. CONST. amend. V; WASH. CONST. art. 1, § 9. Multiple convictions do not offend double jeopardy where the legislature intended to separately punish crimes that constitute the same criminal act. State v. Freeman, 153 Wn.2d 765, 771, 108 P.3d 753 (2005). Thus, a court weighing a double jeopardy challenge must determine whether the charged crimes constitute the same offense in light of legislative intent.[2] In re Pers. Restraint of Orange, 152 Wn.2d 795, 815, 100 P.3d 291 (2009). A double jeopardy claim is a question of law that is reviewed de novo. Jackman, 156 Wn.2d at 746.

To "determine legislative intent regarding whether cumulative punishment is

---

[1] Sosa also pled guilty to two other unrelated offenses that were included in calculating Sosa's offender score.

[2] The mere fact that the sentences are concurrent will not shield multiple convictions from scrutiny under the double jeopardy clause. Calle, 125 Wn.2d at 773.

authorized,"

> [w]e follow four analytical steps . . . : (1) consideration of any express or implicit legislative intent, (2) application of the Blockburger, or 'same evidence,' test, (3) application of the 'merger doctrine,' and (4) consideration of any independent purpose or effect that would allow punishment as a separate offense.

State v. Arndt, 194 Wn.2d 784, 816, 453 P.3d 696 (2019) (citing Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). "If legislative intent to allow separate punishments can be found in any of the four steps of the analysis, then there is no double jeopardy violation." State v. Heng, 22 Wn. App. 2d 717, 732, 512 P.3d 942 (2022), aff'd, 539 P.3d 13 (2023). The remedy for a double jeopardy violation is to vacate "the lesser offense."[3] State v. Hughes, 166 Wn.2d 675, 686 n.13, 212 P.3d 558 (2009). Here, the parties agree that theft in the second degree is the lesser offense. See RCW 9A.56.200(2), .040(2); RCW 9.94A.515, .030(33), (58).

Sosa asserts that his unlawful taking of $2,800 from the Industrial Credit Union by threat of force provided the evidence that supported both his conviction for robbery in the first degree and his conviction for theft in the second degree. Therefore, he argues, the two crimes constitute an identical offense in law and fact under Blockburger's same evidence test. In its response, the State acknowledges that it "did not necessarily intend for both convictions to stand." Conceding that the convictions at issue are same in fact, the State does not object to vacating the theft in the second degree conviction as the lesser offense. The State does not otherwise fully brief the double jeopardy analysis. Based on the record and briefing before us, we accept the State's concession to vacate the theft in the second degree conviction.

---

[3] "The lesser offense is determined primarily by which conviction has the shorter sentence, but courts have also considered other factors such as the seriousness level and the degree of the offense." Hughes, 166 Wn.2d at 686 n.13.

LFOs

The parties agree that the trial court's imposition of VPA and community custody supervision fees must be stricken. We agree. At his sentencing in June 2023 the trial court found Sosa indigent. The parties agree that an amendment to former RCW 7.68.035 (2018) went into effect on July 1, 2023, while Sosa's case was pending appeal. See LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). Thus the $500 VPA imposed at the time of sentencing should be vacated because the current statute bars imposition of the VPA on defendants who are indigent at the time of sentencing. RCW 7.68.035(4); see RCW 10.01.160(3); State v. Schultz, 31 Wn. App. 2d 235, 254, 548 P.3d 559 (2024) (holding that indigent defendants are entitled to relief from VPA fees if their appeal is pending). As of July 2022, RCW 9.94A.703(2) no longer authorizes courts to impose community custody supervision fees. Former RCW 9.94A.703 (2022); LAWS OF 2022, ch. 29, § 7; see also LAWS OF 2022, ch. 29, § 8 (effective July 1, 2022). Sosa was sentenced in June 2023, but the preprinted language on the judgment and sentence form reflects the imposition of "supervision fees as determined by [the Department of Corrections]" as a condition of his community custody term.

We reverse a portion of the judgment and sentence, and remand for the trial court to execute the ministerial tasks of vacating the theft in the second degree conviction and striking the VPA and community custody supervision fees.

Coburn, J.

WE CONCUR:

Feldman, J.

Birk, J.